# United States Court of Appeals for the Federal Circuit

---

**NORMA D. CARROLL,**
*Claimant-Appellant,*

v.

**ROBERT A. MCDONALD,**
**Secretary of Veterans Affairs,**
*Respondent-Appellee.*

---

2014-7008

---

Appeal from the United States Court of Appeals for Veterans Claims in No. 12-2585, Judge Alan G. Lance, Sr.

---

Decided: September 24, 2014

---

BARBARA J. COOK, of Cincinnati, Ohio, argued for claimant-appellant. On the brief was ZACHARY M. STOLZ, Chisholm Chisholm & Kilpatrick, Ltd., of Providence, Rhode Island. Of counsel were ROBERT V. CHISHOLM, MATTHEW J. ILACQUA, and NICHOLAS L. PHINNEY.

JOSHUA E. KURLAND, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, argued for respondent-appellee. With him on the brief were STUART F. DELERY, Assistant Attorney General, BRYANT G. SNEE, Acting Director, and MARTIN F. HOCKEY, Assistant Director. Of

counsel on the brief were DAVID J. BARRANS, Deputy Assistant General Counsel, and AMANDA R. BLACKMON, Staff Attorney, United States Department of Veterans Affairs, of Washington, DC.

————————————

Before PROST, *Chief Judge*, CLEVENGER, and CHEN, *Circuit Judges*.

CHEN, *Circuit Judge*.

Norma D. Carroll appeals from the decision of the United States Court of Appeals for Veterans Claims ("Veterans Court") affirming a denial by the Board of Veterans' Appeals ("Board") of Mrs. Carroll's claim to Dependency and Indemnity Compensation benefits. *Carroll v. Shinseki*, No. 12-2585, 2013 WL 3751775 (Vet. App. July 18, 2013) (unpublished). For the reasons set forth below, we affirm.

## BACKGROUND

Mrs. Carroll married veteran Glenn Dodson in 1949. The couple remained married until Mr. Dodson's death in 1992 from cardiac arrhythmia due to amyotrophic lateral sclerosis ("ALS"). Mrs. Carroll remarried two years later at the age of 64.

In the two years following Mr. Dodson's death, Mrs. Carroll did not seek Dependency and Indemnity Compensation ("DIC") benefits, which are available to the "surviving spouse" of a veteran whose death resulted from a service-related injury or disease. *See* 38 U.S.C. §§ 1310–1318. Mrs. Carroll's eligibility for DIC benefits terminated upon her remarriage in 1994. At the time, an individual who remarried could not be considered a "surviving spouse" under the statute. *See* 38 U.S.C. § 103 (1986).

Nearly ten years after Mrs. Carroll's remarriage, Congress enacted the Veterans Benefits Act of 2003, Pub. L. No. 108-183, which amended Title 38 to authorize DIC

benefits for surviving spouses who remarry after attaining age 57. Section 101(a) of the Act, which was codified at 38 U.S.C. § 103(d)(2)(B), provided that "[t]he remarriage after age 57 of the surviving spouse of a veteran shall not bar the furnishing of [certain benefits, including DIC] to such person as the surviving spouse of the veteran." The House Committee Report accompanying the Act expressed concern that the existing statute discouraged older spouses from remarrying; the amendment sought to remove that disincentive. *See* H.R. Rep. No. 108-211, at 12 (2003).

The Veterans Benefits Act of 2003 also provided new DIC eligibility for surviving spouses who remarried after the age of 57 but before the date of enactment of the Act. Section 101(e) of the Act, which is uncodified, reads as follows:

> APPLICATION FOR BENEFITS.—In the case of an individual who but for having remarried would be eligible for benefits under title 38, United States Code, by reason of the amendment made by subsection (a), and whose remarriage was before the date of enactment of this Act and after the individual had attained age 57, the individual shall be eligible for such benefits by reason of such amendment only if the individual submits an application for such benefits to the Secretary of Veterans Affairs not later than the end of the one-year period beginning on the date of enactment of this Act.

Pub. L. No. 108-183 § 101(e).

Mrs. Carroll, who was over the age of 57 when she remarried in 1994, did not submit an application for DIC benefits during the one-year window created by § 101(e), which closed on December 16, 2004. During that time, the cause of Mrs. Carroll's former husband's death—ALS—was recognized as a condition that could be service-

related, though not presumptively so. *See* 38 C.F.R. § 4.124a (2004). That changed in 2008, when the Department of Veterans Affairs ("VA") promulgated a regulation that established a presumption of service connection for ALS for any veteran who developed the disease at any time after separation from service. *See Presumption of Service Connection for Amyotrophic Lateral Sclerosis*, 73 Fed. Reg. 54,691 (Dep't of Vet. Aff. Sept. 23, 2008).

In 2009, Mrs. Carroll filed an application for DIC benefits as Mr. Dodson's widow. The regional office of the VA denied Mrs. Carroll's claim because she submitted her application nearly five years after the close of the one-year filing window for previously remarried spouses created by § 101(e) of the 2003 Act. Mrs. Carroll appealed to the Board, which denied her claim for the same reason.

Mrs. Carroll then appealed to the Veterans Court, contending that § 101(e) applied only to individuals "who would have been eligible for DIC in 2003 but for the fact that they remarried," and that the subsection was thus inapplicable to her because she was not "eligible for benefits at that time because her husband's death was not then deemed service-connected." J.A. 3. The Veterans Court found that Mrs. Carroll's argument conflated the concepts of entitlement and eligibility. Although Mrs. Carroll was not necessarily entitled to DIC benefits in 2003, the court explained, she was eligible to be considered for those benefits on the basis of her prior marriage to Mr. Dodson. The fact that a service connection for Mr. Dodson's ALS was not presumptively established did not mean that Mrs. Carroll was ineligible for DIC benefits or otherwise outside the ambit of § 101(e). Accordingly, the Veterans Court affirmed the Board's decision.

Mrs. Carroll timely appeals. We have jurisdiction under 38 U.S.C. § 7292.

DISCUSSION

This appeal requires us to interpret a statute. We may "review and decide any challenge to the validity of any statute or regulation or any interpretation thereof . . . and to interpret constitutional and statutory provisions, to the extent presented and necessary to a decision." § 7292(c). We review statutory interpretations of the Veterans Court without deference. *Chandler v. Shinseki*, 676 F.3d 1045, 1047 (Fed. Cir. 2012).

We interpreted the 2003 Act once before, in *Frederick v. Shinseki*, 684 F.3d 1263 (Fed. Cir. 2012). There, we considered the effect of Pub. L. No. 108-183 § 101(e) on a surviving spouse who filed for DIC benefits after the death of her veteran husband in 1970, lost those benefits sixteen years later upon remarriage after the age of 57, and then sought renewal of the benefits in 2007— approximately three years after the closing of the one-year filing window. In deciding that Mrs. Frederick was covered by § 101(e) and thus had filed too late to receive DIC benefits, we explained that the 2003 Act created "a class of surviving spouses who remarry after the age of 57 and who thus become eligible for DIC benefits as a result of the Act." *Frederick*, 684 F.3d at 1266. That class, we elaborated, includes two groups:

> (a) those who previously applied for and received DIC benefits, and whose remarriage before the effective date of the Act destroyed their eligibility for DIC benefits (such as Mrs. Frederick), and (b) those who for whatever reason never applied for DIC benefits upon the death of their veteran spouse, but who remarried before the effective date of the Act, and thereby lost eligibility for DIC benefits.

*Id.* In *Frederick*, we found that the surviving spouse fell into the first group; here, the Veterans Court essentially determined that Mrs. Carroll falls into the second group

and, similar to Mrs. Frederick, is therefore ineligible for DIC benefits because she did not submit her application for benefits within the one-year filing window of § 101(e).

On appeal, Mrs. Carroll argues that she was not "eligible for benefits" until 2008, when the VA relaxed the evidentiary burden for establishing a service connection for ALS, the disease that caused the death of her husband. Prior to that point, she contends, "the basis of her DIC eligibility did not exist in law." Appellant's Br. 7. Without the presumption of service connection for ALS in place, it would have been difficult for her to establish the service connection necessary to obtain DIC benefits. As Mrs. Carroll sees it, our discussion in *Frederick* does not apply to her because she never had any eligibility to lose: she was not "eligible for benefits" under § 101(e) either before or during its one-year filing window.

The Secretary, by contrast, maintains that the phrase "eligible for benefits" in § 101(e) refers to "the class of persons who would be recognized as surviving spouses by virtue of subsection (a) but for having previously remarried." Appellee's Br. 17. Section 101(e), the Secretary argues, conferred "surviving spouse" status on these previously ineligible individuals and thereby rendered them eligible for benefits. As the Secretary reads § 101(e), the class of individuals who are "eligible for benefits" is not limited to those who have already shown, or who would necessarily be able to show, that they meet all the criteria for entitlement to a benefit based on various factual considerations. Rather, the class consists of individuals to whom Congress granted a one-year window to seek benefits for which they were previously ineligible due to remarriage. We find the Secretary's reading more persuasive.

As the Veterans Court observed, Mrs. Carroll's interpretation equates *eligibility for* benefits with *entitlement to* benefits. In support of her reading, Mrs. Carroll points

to other sections of Title 38 that appear to use the words "eligibility" and "entitlement" interchangeably. *See* Reply Br. 3 (citing, e.g., §§ 1317(b), 1513(b)). Mrs. Carroll notes that these sections use the word "eligible" when referring "to the concept of a claimant's entitlement to a benefit." *Id.* While Mrs. Carroll's characterization of those other sections may be accurate, it does not support the notion that "entitlement" and "eligibility" are used interchangeably throughout all of Title 38. On the contrary, other sections of Title 38 explicitly differentiate between the two concepts. *See, e.g.*, § 6303(c) (requiring the VA to distribute information to "eligible dependents regarding all benefits and services to which they may be entitled"). The question we must address here is whether "entitlement" and "eligibility" mean the same thing in the specific context of the 2003 Act.

Tellingly, 38 U.S.C. § 103, which the 2003 Act amended (and which specifically deals with the effect of marital status on benefits), uses the phrase "eligibility for benefits" to refer to the possibility of receiving benefits, not entitlement to benefits. *See* § 103(d)(4) (defining when "eligibility for benefits" starts in relation to termination of a remarriage). As the Secretary points out, separate statutory provisions define eligibility criteria for DIC benefits, as well as the effective date of the award of such benefits. *See* 38 U.S.C. §§ 1310, 5110. An "eligible" spouse under § 103 must satisfy various conditions before becoming entitled to a particular benefit.

In sum, although Mrs. Carroll points to examples in other sections of Title 38 in which "eligible for" and "entitled to" may be used interchangeably, the section of Title 38 that covers the effect of marital status on DIC benefits—which was amended by the Act at issue in this case—uses the phrase "eligibility for benefits" to mean something other than "entitlement to benefits."

Finally, we decline to apply § 101(e) in light of subsequent regulatory changes to evidentiary presumptions. Mrs. Carroll's interpretation of § 101(e) would require eligibility to be determined through a case-by-case evaluation of an individual's likelihood of receiving benefits based on various factual circumstances and evidentiary presumptions which existed while the § 101(e) window was open but which may have changed after the window had closed. We do not read § 101(e) as contemplating the consideration of such shifting circumstances. Section 101(e) is more reasonably understood as creating temporary eligibility for the class of surviving spouses who had previously been barred from seeking benefits due to remarriage. Because Mrs. Carroll is a member of that class, her eligibility for DIC benefits terminated when the one-year filing window of § 101(e) closed on December 16, 2004.

For the reasons stated above, the judgment of the Veterans Court is affirmed.

## AFFIRMED

### COSTS

No costs.