NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**IRIS RANSOM,**
*Claimant-Appellant*

**v.**

**DENIS MCDONOUGH, SECRETARY OF VETERANS AFFAIRS,**
*Respondent-Appellee*

---

2021-1637

---

Appeal from the United States Court of Appeals for Veterans Claims in No. 19-9127, Judge Joseph L. Falvey Jr.

---

Decided: January 26, 2022

---

IRIS RANSOM, Paducah, KY, pro se.

MATNEY E. ROLFE, Commercial Litigation Branch, Civil Litigation, United States Department of Justice, Washington DC, for respondent-appellee. Also represented by BRIAN M. BOYNTON, MARTIN F. HOCKEY, JR., ELIZABETH M. HOSFORD.

---

Before LOURIE, O'MALLEY, and STOLL, *Circuit Judges.*

PER CURIAM.

In 1965, Iris Ransom married David Hightower. Mr. Hightower went on to serve on active duty in the United States Army from 1968 to 1970. The two remained married for 35 years until Mr. Hightower's death from a myocardial infarction (or heart attack) in October 2000. In November 2002, Mrs. Ransom, then 57 years old, married Terry Ransom. In 2010, Mrs. Ransom applied for dependency and indemnity compensation ("DIC") as Mr. Hightower's surviving spouse. The Board of Veterans Appeals ("Board") denied her claim on grounds that she did not qualify as a surviving spouse, and the United States Court of Appeals for Veterans Claims ("Veterans Court") affirmed. *Ransom v. Wilkie*, No. 19-9127, 2020 WL 6478521, at *1, *4 (Vet. App. Nov. 4, 2020).

Mrs. Ransom now appeals the Veterans Court's decision. We *dismiss* the appeal for lack of jurisdiction.

## I. BACKGROUND

### A. Legal Framework

The surviving spouse of a deceased veteran is generally eligible for DIC benefits if the veteran died from a service-connected or compensable disability. 38 U.S.C. § 1310. Title 38 defines the term "surviving spouse" to mean the spouse of a veteran at the time of the veteran's death who, *inter alia*, "has not remarried." 38 U.S.C. § 101(3). Upon remarriage, the spouse's eligibility for benefits, like DIC benefits, generally terminates because the spouse is no longer a "surviving spouse," as defined by statute. *See id.*; *Frederick v. Shinseki*, 684 F.3d 1263, 1266 (Fed. Cir. 2012).

In 2002, Congress created an exception to the termination of such spouse's eligibility for certain medical care benefits upon remarriage. Veterans Benefits Act of 2002, Pub. L. No. 107-330, § 101(a), 116 Stat. 2820, 2821

(codified at 38 U.S.C. § 103); *see Frederick*, 684 F.3d at 1266. In 2003, Congress amended this exception to provide eligibility for other benefits, including DIC benefits, to spouses of deceased veterans who remarry after age 57:

> The remarriage after age 57 of the surviving spouse of a veteran shall not bar the furnishing of benefits specified in [38 U.S.C. § 103(d)(5)] to such person as the surviving spouse of the veteran.

Veterans Benefits Act of 2003, Pub. L. No. 108-183, § 101(a), 117 Stat. 2651, 2652 (codified at 38 U.S.C. § 103); *see Frederick*, 684 F.3d at 1265–66; *see also* 38 U.S.C. § 103(d)(5). Thus, *after January 1, 2004*, the effective date of the amendment, the spouse of a deceased veteran who remarries after the age of 57 remains eligible for DIC benefits. *Frederick*, 684 F.3d at 1265–66.

Congress also extended limited eligibility to spouses of deceased veterans who remarried after the age of 57 and before the date of the enactment of the amendment, December 16, 2003. § 101(e), 117 Stat. at 2653; *see Frederick*, 684 F.3d at 1266. In the case of a spouse "who but for having remarried would be eligible for benefits" under title 38 of the U.S. Code, the spouse is eligible for benefits only if he or she submits "an application for such benefits to the Secretary of Veterans Affairs not later than the end of the one-year period beginning on the date of enactment of this Act." § 101(e), 117 Stat. at 2653. In other words, an individual who remarried after the age of 57 and before December 16, 2003 remains eligible for DIC and other benefits only if the individual filed a claim for those benefits between December 16, 2003 and December 16, 2004. *Frederick*, 684 F.3d at 1273; *see* 38 C.F.R. § 3.55(a)(10)(ii).

## B. Mrs. Ransom's DIC Claim

In August 2010, the Department of Veterans Affairs ("VA") amended its regulations to establish presumptive service connection for ischemic heart disease based on

herbicide exposure.  *See* Diseases Associated with Exposure to Certain Herbicide Agents (Hairy Cell Leukemia and Other Chronic B-Cell Leukemias, Parkinson's Disease and Ischemic Heart Disease), 75 Fed. Reg. 53,202 (Aug. 31, 2010).  The VA's definition of ischemic heart disease includes myocardial infarction—Mr. Hightower's cause of death.  *See* 38 C.F.R. 3.309(e).  The same month, Mrs. Ransom filed a claim for DIC benefits.

In December 2010, the VA sent Mrs. Ransom a letter informing her, albeit incorrectly, that she remained eligible for DIC benefits because she remarried after her 57th birthday.  In August 2015, the Board assumed that Mrs. Ransom was Mr. Hightower's surviving spouse but denied her DIC claim due to a lack of a connection between the veteran's death and his military service.

In December 2016, Mrs. Ransom requested that the VA reopen her DIC claim.  The VA reopened the claim and found that Mrs. Ransom did not qualify as a surviving spouse because she remarried before December 16, 2003 and did not file a claim by December 16, 2004.  It, thus, denied her claim.  Mrs. Ransom appealed to the Board.

In December 2018, the Board held that Mrs. Ransom was not entitled to DIC benefits as a matter of law.  The Board acknowledged that Mrs. Ransom's evidence of unconsidered toxic exposures and a medical opinion ordered by the Board constituted new and material evidence warranting the reopening her claim.  But the Board explained that her remarriage in November 2002 precluded her from qualifying as a surviving spouse under 38 U.S.C. § 101(3).  The Board reasoned that the exception for a spouse of a deceased veteran who remarries after the age of 57 and before December 16, 2003 did not apply to Mrs. Ransom because she did not file her first claim for benefits until August 2010.  Mrs. Ransom filed a motion for reconsideration, which the Board denied.

Mrs. Ransom then appealed to the Veterans Court. She argued that she was ineligible to file a DIC claim before December 16, 2004 because the VA had not yet established a presumptive service connection for Mr. Hightower's ischemic heart disease. *See Ransom*, 2020 WL 6478521, at *3. She also asked the Veterans Court to address the medical opinion she provided to the VA about Mr. Hightower's cause of death. *Id.* at *4.

On November 4, 2020, the Veterans Court affirmed the Board's decision. The court rejected Mrs. Ransom's argument that she was ineligible to file a claim before December 16, 2004. *See id.* at *3. The court analogized her argument to the nearly identical contentions we rejected in *Carroll v. McDonald*, 767 F.3d 1368 (Fed. Cir. 2014). The spouse of the deceased veteran in *Carroll* had argued that "she was ineligible to file a claim until VA added a presumptive service connection for the cause of her husband's death." *Ransom*, 2020 WL 6478521, at *3 (citing *Carroll*, 767 F.3d at 1370). We distinguished between eligibility to file a claim and entitlement to benefits: "although the presumption made it easier to prove her claim, there was no reason that [the spouse of the deceased veteran in *Carroll*] could not have filed a DIC claim before the presumption was added." *Id.* (citing *Carroll*, 767 F.3d at 1371–72). Applying our holding in *Carroll*, the Veterans Court explained that Mrs. Ransom could have filed a claim for direct service connection for Mr. Hightower's cause of death. *Id.* The court therefore held that Mrs. Ransom was eligible to file a claim during the December 16, 2003 to December 16, 2004 timeframe. *Id.*

The Veterans Court declined to address the merits of Mrs. Ransom's medical opinion. *Id.* at *4. It explained that the VA did not need to adjudicate the DIC claim further, including by addressing the issue of a nexus between Mr. Hightower's death and his service, because Mrs. Ransom had not established her eligibility as a surviving spouse under the law. *Id.*

Mrs. Ransom timely appealed to this court.

## II. DISCUSSION

We have limited jurisdiction to review decisions of the Veterans Court. *Wanless v. Shinseki*, 618 F.3d 1333, 1336 (Fed. Cir. 2010). We have jurisdiction "to review and decide any challenge to the validity of any statute or regulation or any interpretation thereof" and "to interpret constitutional and statutory provisions, to the extent present and necessary to a decision." 38 U.S.C. § 7292(c). But we may not review a challenge to a factual determination or a challenge to a law or regulation as applied to the facts of a particular case, except to the extent that the appeal presents a constitutional issue. *Id.* § 7292(d)(2).

Construing Mrs. Ransom's filing liberally, we discern four arguments to this court. As explained below, however, we lack jurisdiction to consider any of these arguments because they challenge either a factual determination or an application of law to facts but do not present constitutional issues. *See* 38 U.S.C. § 7292(d)(2).

First, Mrs. Ransom challenges the Veterans Court's determination that she is not Mr. Hightower's surviving spouse. Appellant's Informal Br. 1, 4. She states that they were married for over 35 years and never separated. *Id.* The finding that an individual is not a surviving spouse is a factual determination that we lack jurisdiction to review. *See Logan v. McDonough*, 856 F. App'x 294, 297 (Fed. Cir. 2021) (holding that we lack jurisdiction over a challenge to the factual finding of an individual's status as the surviving spouse of a veteran).

Second, Mrs. Ransom explains that she did not apply for DIC benefits in 2004 because the VA had not yet established a presumptive service connection for ischemic heart disease based on herbicide exposure. Appellant's Informal Br. at 4. When the VA established the presumption in 2010, Mrs. Ransom states that she applied for benefits

immediately. *Id.* This argument amounts to a challenge to the application of a law or regulation to the facts of a particular case. Specifically, Mrs. Ransom challenges the application of statutory and regulatory provisions, which provide limited eligibility to a spouse of a deceased veteran who remarried after age 57 and before December 16, 2003, to her particular circumstances. *See* § 101(e), 117 Stat. at 2653; 38 C.F.R. § 3.55(a)(10)(ii). We therefore lack jurisdiction to consider her challenge.

Mrs. Ransom's argument is different in kind from the issue in *Carroll*, which we had jurisdiction to consider. As noted, Mrs. Ransom challenges the application of § 101(e) of the Veterans Benefits Act of 2003 and 38 C.F.R. § 3.55(a)(10)(ii) to her factual circumstances. By contrast, in *Carroll*, the appellant challenged the Veterans Court's interpretation of the phrase "eligible for benefits" in § 101(e) of the Veterans Benefits Act of 2003. *See Carroll*, 767 F.3d 1370–72.

To the extent Mrs. Ransom also disputes the proper interpretation of the statutory phrase "eligible for benefits," an issue over which we would have jurisdiction, we are bound by *Carroll*. *Deckers Corp. v. United States*, 752 F.3d 949, 959 (Fed. Cir. 2014) ("In this Circuit, a later panel is bound by the determinations of a prior panel, unless relieved of that obligation by an en banc order of the court or a decision of the Supreme Court."). There, we held that the phrase "eligible for benefits" refers to the possibility of receiving benefits and not entitlement to benefits. *See id.* at 1372. We rejected the argument that a deceased veteran's spouse is not "eligible for benefits" until the VA established a presumption of service connection for the veteran's cause of death. *See id.* at 1371–72. Indeed, the veteran's spouse could still apply for benefits and prove the necessary element of service connection on a direct basis, *i.e.*, without a presumption. *See Mares v. McDonough*, 855 F. App'x 744, 745 (Fed. Cir. 2021). Thus, even if we had jurisdiction, we would reject Mrs. Ransom's argument.

Third, Mrs. Ransom asserts that the Veterans Court decided a constitutional issue. Appellant's Informal Br. at 2. She references the VA's incorrect notification in December 2010 that she was eligible for DIC benefits because she remarried after her 57th birthday, as well as the Board's 2015 decision denying her DIC claim for a lack of evidence of exposure to herbicides. *Id.* We are unpersuaded that the Veterans Court decided a constitutional issue. Mrs. Ransom has not identified an allegedly violated constitutional provision, and we cannot discern any constitutional issues in the circumstances she raises.

Finally, Mrs. Ransom objects to the Veterans Court's refusal to consider a medical opinion stating that Mr. Hightower's exposure to chemicals in service "more likely than not" led to his death. *Id.* at 2, 4, 6–7. Because she does not challenge a rule of law or the validity or interpretation of a statute or regulation, we lack jurisdiction to review her objection. *See* 38 U.S.C. § 7292(a).

## III. CONCLUSION

We understand that Mrs. Ransom likely would not have gone through this extended application and appeal process but for the VA's own misunderstanding of her marital status in 2010. But that reality does not change the fact that we must *dismiss* her appeal.

**DISMISSED**

COSTS

No costs.